UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

MARK T. CHAPLIN and
ANNE CHAPLIN,

                Plaintiffs,
v.                                      **DECISION AND ORDER**
                                          06-CV-649S

G&T CONVEYOR COMPANY, INC.,
SIEMENS DEMATIC *a/k/a* DEMATIC CORP.
*a/k/a* SIEMENS CORPORATION,
AMERICAN AIRLINES, INC., and
SIEMENS ENERGY & AUTOMATIONS, INC.,[1]

                <u>Defendants.</u>

## I. INTRODUCTION

Plaintiffs, Marc and Anne Chaplin, commenced this action on September 29, 2005, by filing a Summons and Verified Complaint in the New York State Supreme Court, County of Erie. On September 28, 2006, Siemens Energy and Automations, Inc. ("SE&A"), purporting to be the proper defendant, filed a Notice of Removal to this Court. Plaintiffs filed a Motion for Remand and for Costs, Expenses, and Attorney's Fees, on October 30, 2006. This Court will grant Plaintiffs' motion in part and deny it in part, and remand this case to state court for the reasons stated below.

## II. BACKGROUND

The facts of this case, undisputed for purposes of the present motion, are as follows:

Plaintiffs filed a Summons and Verified Complaint on September 29, 2005, in New

---

[1] Siemens Energy & Automations, Inc. is included in the caption but has not been sued as a defendant in this case.

1

York State Supreme Court. (Docket No. 1-3). On or around May 9, 2006, Plaintiffs filed an Amended Complaint naming Siemens Dematic *a/k/a* Dematic Corp. *a/k/a* Siemens Corporation, G & T Conveyors, and American Airlines Inc., as Defendants.

According to the Amended Complaint, Plaintiff Marc Chaplin was working for the Transportation Security Administration on May 11, 2003, at the Buffalo Niagara International Airport when his right hand and arm were pulled into, trapped, and pinned in the conveyor belt used by American Airlines. (Compl. at ¶ ¶ 12, 13). Mr. Chaplin and others repeatedly hit the emergency stop switch, but the belt did not stop operating. (Compl. at ¶ 13, 14). As a result of the failed conveyor belt and related control systems, Mr. Chaplin sustained serious bodily injuries that are permanent, progressive, and ongoing. (Compl. at ¶ 18).

Plaintiffs are residents of New York. (Compl. at ¶ ¶ 1, 2). American Airlines is a Delaware corporation with its principal place of business in Texas; G & T Conveyor is a Florida corporation with its principal place of business in Florida; and Siemens Corporation is a Delaware corporation with its principal place of business in New York. (Compl. at ¶ ¶ 3-8). SE&A is a Delaware corporation with its principal place of business in Georgia. (Burton Aff., ¶ 11).

The Amended Complaint asserts four causes of action against Defendants. First, Plaintiffs allege that G&T Conveyor and Siemens Corporation negligently designed, manufactured, sold, and installed the baggage conveyor belt and related equipment. (Compl. at ¶ ¶ 9, 10). Plaintiffs also allege that American Airlines failed to maintain care for, upkeep, inspect, service, and/or repair the baggage conveyor belts and related equipment. (Compl. at ¶ 16). Second, Plaintiffs allege that G & T Conveyor and Siemens

Corporation breached express and implied warranties, which resulted in serious injury to Mr. Chaplin. (Compl. at ¶ 24). Third, Plaintiffs allege that G & T Conveyor and Siemens Corporation assumed strict liability for all reasonably foreseeable injuries by sale of the baggage conveyor belt, related systems, and emergency stop switch, which were dangerous instrumentalities. (Compl. at ¶ 29). Finally, Plaintiff Anne Chaplin seeks recovery for damages she suffered as a result of her husband's injuries. (Compl. at ¶¶ 38-39).

Plaintiffs filed the instant motion on October 30, 2006. In support of their motion, Plaintiffs filed the Affidavit of Thomas H. Burton, Esq., with exhibits, a reply memorandum of law, and the Reply Affidavit of Amy Habib Rittling, Esq. In opposition, SE&A filed a memorandum of law and the affidavit of Bruce Ainbinder, Esq., with exhibits. This case was transferred to this Court on October 17, 2007, due to the retirement of the Honorable John T. Elfvin, Senior District Judge.

### III. DISCUSSION

#### A.   Legal Standard

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. 28 U.S.C. § 1441. A notice of removal must contain a short and plain statement of the grounds for removal, along with a copy of all proceedings, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). The notice must be filed within thirty days after the defendant receives a copy of the initial pleading, or within thirty days after the service of summons upon the defendant, whichever is shorter. 28 U.S.C. § 1446(b).

District courts have original jurisdiction over claims involving the Constitution, treaties, or laws of the United States, and over claims between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Section 1332(c)(1) is intended to restrict the scope of federal jurisdiction in diversity cases and should be construed narrowly. Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1047 (2d Cir. 1991).

A case may not be removed to federal court on the basis of diversity jurisdiction more than 1 year after commencement of the action. 28 U.S.C. § 1446(b). If the district court lacks subject matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). The party seeking removal must establish diversity of citizenship and that the amount in controversy exceeds $75,000. Mopaz Diamonds, Inc. v. Ins. of London Underwriters, 822 F. Supp. 1053, 1055 (S.D.N.Y. 1993).

**B.  Analysis**

Plaintiffs argue that remand is necessary because complete diversity among the parties is lacking. It is undisputed that Siemens Corporation is incorporated in Delaware and has its principal place of business in New York. This makes Siemens Corporation a citizen of both Delaware and New York. 28 U.S.C. § 1332(c)(1). Since Plaintiffs are also citizens of New York, there is no diversity jurisdiction. Sty-Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) (stating that if either the place of incorporation or principal place of business destroys diversity, the court will not have

diversity jurisdiction).

In attempting to carry its burden of establishing diversity jurisdiction, SE&A argues that Siemens Corporation is not the correct defendant, and therefore, its citizenship should not be considered. According to SE&A, it is the proper defendant and Siemens Corporation is only a holding company that does not design, engineer, test, manufacture, inspect, or sell any equipment, including the baggage conveyor at issue. (Burton Aff., ¶ 10).

SE&A maintains that Plaintiffs fraudulently joined Siemens Corporation as a defendant to defeat diversity jurisdiction. (Burton Aff., ¶ ¶ 14, 20). To establish fraudulent joinder, SE&A must demonstrate by clear and convincing evidence that there is outright fraud in Plaintiffs' pleadings or that there is no possibility of stating a claim against Siemens Corporation (the non-diverse defendant) in state court. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). In this Court's view, SE&A has not demonstrated fraudulent joinder.

Plaintiffs did not sue or serve SE&A, and they maintain that their due diligence investigation revealed that Siemens Corporation is the proper defendant. During inspection, Plaintiffs discovered an electrical box adjacent to the conveyor belt that was marked "Siemens Dematic." (Burton Aff., ¶ 17). Siemens Corporation's website refers to Siemens Dematic as a division of its business. (Burton Aff., ¶ 18). Because it was unclear to Plaintiffs whether Siemens Dematic was still in operation at the time of the lawsuit and whether it was responsible for the faulty machinery, they sued "Siemens Dematic *a/k/a* Dematic Corp. *a/k/a* Siemens Corporation." (Burton Aff., ¶ 19). Plaintiff continues to

assert that Siemens Corporation is a proper defendant in its own right or as the functional equivalent of SE&A.  (Burton Aff., ¶ 31.)

In its Verified Answer, Siemens Corporation denied knowledge or sufficient information to form a belief as to the causes of action in the Amended Complaint.  (Docket No. 1-6).  It also asserted that it does not sell, manufacture, or distribute any products including those involved in this litigation.  Id.  Siemens Corporation raised thirteen separate affirmative defenses claiming that if any injuries were sustained, it was not responsible.  Id.  But at no point in the Answer did Siemens Corporation assert that SE&A was the correct defendant.

Based on the above, this Court finds that SE&A has not established that Plaintiffs fraudulently joined Siemens Corporation as a defendant to defeat diversity jurisdiction. Consequently, because Plaintiffs and Siemens Corporation are both citizens of New York for jurisdictional purposes, this Court lacks subject matter jurisdiction.  Removal was therefore improper and this case shall be remanded to the New York State Supreme Court, County of Erie.  Plaintiffs' request for costs, expenses, and attorney's fees is denied.

## IV. CONCLUSION

For the foregoing reasons, remand to state court is required because this Court lacks subject matter jurisdiction.  Plaintiffs' request for remand is therefore granted.  Each side shall bear its own costs, expenses, and attorney's fees.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Remand and Costs, Expenses, and Attorney's Fees (Docket No. 4) is GRANTED in part and DENIED in part

consistent with the above.

FURTHER, that the Clerk of the Court is directed to remand this case to the New York State Supreme Court, County of Erie.

FURTHER, that the Clerk of the Court is directed to close this case upon remand to the New York State Supreme Court, County of Erie.

SO ORDERED.

Dated: July 13, 2008
       Buffalo, New York

                                         /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge